UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLUNT WRAP U.S.A., INC.                    CIVIL ACTION

VERSUS                                      NO: 06-41

AKRUM ALRAHIB, ET AL.                       SECTION: "J" (1)

## ORDER AND REASONS

Before the Court are complimentary Motions to Dismiss for Lack of Jurisdiction and Improper Venue filed by Da Bomb Products Inc. (Rec. Doc. 19) and by Akrum Alrahib and Sunrise Tobacco Inc. (Rec. Doc. 20). The Court allowed plaintiff some time to conduct limited discovery on jurisdictional issues. Following discovery, plaintiff opposed the motions. (Rec. Doc. 37). Having considered the motions, the record evidence, the memoranda of counsel and the applicable law, the Court finds that the motions should be DENIED.

## I. BACKGROUND

Akrum Alrahib is registered with the Arizona Corporation Commission as the president, statutory agent, sole director, and sole shareholder of Sunrise Tobacco, Inc. Mr. Alrahib also created defendant Da Bomb Products. Mr. Alrahib's sister Elaine Alrahib now owns Da Bomb Products. Ms. Alrahib had no prior

experience creating or running a business. She acquired all of the shares of ownership for the company from Mr. Alrahib in exchange for $1.00. Prior to acquiring Da Bomb Products, Ms. Alrahib had worked for Sunrise Tobacco. Mr. Alrahib lives in Arizona. Da Bomb Products and Sunrise Tobacco are both registered in Arizona and have their principal places of business there.

Sunrise Tobacco appointed an attorney in the Eastern District of Louisiana as the agent to prosecute many trademarks for the accused product. Following the transfer of Da Bomb Products to his sister, Mr. Alrahib assigned to Da Bomb Products, without compensation, the trademark applications for the accused product. Mr. Alrahib manages the promotion of the accused product for Da Bomb Products, also without compensation. He is registered as the company's statutory agent for service of process. Either Mr. Alrahib or an entity he created owns the property out of which Da Bomb Products operates. He has also registered several other companies at the same address. Mr. Alrahib, Sunrise Tobacco, and Da Bomb Products were all sued for patent infringement.

Plaintiff Blunt Wrap is a Louisiana business that has patented a tobacco wrapper formed into a hollow cigar-shape so that it can be stuffed with tobacco. Da Bomb products imports a

2

product called "Da Bomb Blunts", which is accused of infringing plaintiff's patents. In August 2005, Mr. Alrahib flew to New Orleans and handed out flyers at a tobacco distributors trade show. The flyer advertised that Da Bomb Products was soon to have available for sale the accused product, Da Bomb Blunts. At the time, Mr. Alrahib believed that Sunrise Tobacco would be the exclusive nationwide distributor for the accused product. The product first became available in the United States and was first sold soon after the trade show, in September, 2005. Blunt Wrap filed suit on January 5, 2006, alleging that defendants infringed, and induced others to infringe, its patents.

At an unspecified time, Da Bomb Products contracted with a distributor in Florida that goes by several names, BBSF and Borough Hall among them, to be the exclusive distributor of the accused product in the Southeast Region. The distributor advertises that Louisiana is included within its region of exclusivity. Da Bomb Products sells the accused product to the distributor, and the distributor in turn sells the product to wholesalers or retailers in its exclusive area. At an unspecified time, the accused products began to be offered for sale at wholesale and retail in the Eastern District of Louisiana. The evidence of these offers for sale was only obtained after the

complaint was filed in this case. In April of 2006, an
advertisement for the accused product ran in a national magazine
that was delivered to customers in Louisiana.

Defendants have all moved to dismiss the case for lack of
personal jurisdiction and improper venue. Defendants all testify
that they have never made any direct sales in Louisiana and have
never advertised in Louisiana or in a national publication. Mr.
Alrahib testifies in an affidavit that the only time he has been
to Louisiana was on the one occasion of the trade show, when he
handed out flyers advertising the accused product. He testifies
that Sunrise Tobacco has only ever made one direct shipment of
tobacco products to Louisiana. The product was not the one at
issue in this lawsuit. The shipment was done at the request of
Borough Hall, which is one name used by Da Bomb Products'
exclusive distributor in the Southeast. Defendants all testify
that they have never had employees, agents, or property in
Louisiana.

## II. APPLICABLE LAW

### A. Preliminary Matters

Federal Circuit law governs personal jurisdiction
determinations in patent cases, particularly where a stream of
commerce theory is at issue. *Beverly Hills Fan Co. v. Royal*

4

*Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). A court may assert personal jurisdiction over nonresident defendants if that assertion is both permitted by the forum state's long-arm statute and consistent with due process. *Elec. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)(citation omitted). Louisiana's long-arm statute is co-extensive with the reach of due process, such that the analysis is collapsed into a one-step constitutional due process inquiry. *Petroleum Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 514 (5th Cir. 1987).

Plaintiff bears the burden of establishing that the Court has the minimum contacts necessary to exercise jurisdiction over defendants, whereas defendants bear the burden of establishing that such exercise is unreasonable. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). Because the Court's determination is based on affidavits and other written materials, and not on an evidentiary hearing, plaintiff need only make a prima facie showing that the defendants are subject to personal jurisdiction. *Elec. For Imaging*, 340 F.3d at 1349. In the procedural posture of a motion to dismiss, this Court must accept as true the uncontroverted allegations in plaintiff's complaint and resolve factual conflicts in the evidence in plaintiff's favor. *Id.*

5

**B. Personal Jurisdiction**

Asserting personal jurisdiction over nonresident defendants comports with due process only if they "have certain 'minimum contacts' with the forum 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" In general, there must be 'some act' by which defendants 'purposefully avail[ ]' themselves of the 'privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Elec. For Imaging,* 340 F.3d at 1350 (citing Supreme Court Fourteenth Amendment precedent and noting its applicability to the Fifth Amendment and its due process constraints on this Court's exercise of jurisdiction).

There are two routes to the constitutional minimum necessary to exercise jurisdiction over nonresident defendants. Where the defendant has continuous and systematic contacts with the forum state, the defendant has submitted to the general jurisdiction of the Court even if those contacts are not related to the cause of action. *Id.* at 1349. Even where general jurisdiction is lacking, the Court can assert specific jurisdiction where nonresident defendants purposefully direct their activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Akro Corp. v. Luker*,

45 F.3d 1541, 1545 (Fed. Cir. 1995). To establish specific jurisdiction, the Court must satisfy itself that the defendant purposefully directed its activities at residents of the forum, that the claim arises out of or relates to those activities, and that the assertion of personal jurisdiction is reasonable and fair. *Id.* at 1545-46.

**C. Venue**

Venue in patent cases is controlled by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A corporate defendant is deemed to reside in any district in which it is subject to personal jurisdiction." *See Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005). Thus, for corporate defendants venue need not be considered separately from personal jurisdiction. *Id.*

### III. DISCUSSION

**A. Sales After the Complaint**

An initial issue to be addressed in determining the existence of personal jurisdiction over defendants concerns the timing of the contacts with this forum. Defendants argue that the

advertising and sales of the accused product that occurred after the filing of the complaint cannot be considered in the jurisdictional analysis.  However, the Court views the entire alleged sequence of actions taken when the complaint was filed as one continuous infliction of injury. The sales and advertisement concern the exact product and allegations made in the complaint. Plaintiff has alleged that "Defendants will continue to infringe the Patents in Suit," that the "unlawful infringing actions have had and continue to have the effect of damaging Blunt Wrap U.S.A.," and that "Defendants fully intend to continue such various infringing acts and conduct." Compl. at ¶¶ 15, 16, 18. The sales and advertisement of the accused product following the Complaint are part and parcel of the conduct about which plaintiff sues. Federal Circuit precedent embraces this understanding of the issue. "In a case involving a continuous tort, it would be arbitrary to identify a single moment after which defendant's contacts with the forum necessarily become irrelevant to the issue of specific jurisdiction." *Beverly Hills Fan*, 21 F.3d at 1564. It is not appropriate for this Court to turn a blind eye to the continuing nature of the alleged conduct in these circumstances.

8

## B. Personal Jurisdiction

### 1. Da Bomb Products

Considering all of the evidence presented, the Court finds the determination of personal jurisdiction over Da Bomb Products an easy one.  Mr. Alrahib, either as head of promotions for Da Bomb Products or as director of Sunrise Tobacco or as both, flew to New Orleans for a tobacconists trade show. There he handed out a flyer advertising the accused product, imported and sold by Da Bomb Products. Although Ms. Alrahib swears in her affidavit that Da Bomb has never advertised in Louisiana, sent any agent here, or sent any marketing materials to Louisiana residents, that testimony is directly contradicted by the admitted facts above. The flyer is obviously very targeted advertising in the state, and Mr. Alrahib is a registered agent of Da Bomb Products. Defendants make much of the fact that the flyer lacks a price, arguing from that fact that it cannot be an offer to sell. Even assuming the correctness of this argument, the trip to New Orleans and the flyer are still significant, first as an indication of the nature of Da Bomb Product's contact with Louisiana, and second in relation to the inducement to infringe claim.

In addition, plaintiff has attached the affidavit of Keith

9

Scott who attended the trade show and who swears that he personally witnessed Mr. Alrahib offering to sell the accused product in addition to handing out the flyer. There is no statement by either Da Bomb Products or Mr. Alrahib that either has never offered the product for sale in Louisiana. In fact, Mr. Alrahib testified that although he could not recall making an offer to sell, if someone testified to the contrary it might refresh his recollection. Even if the careful statement of Mr. Alrahib, that he "did not provide any price at which the new product could be purchased in the future," is meant to convince the Court that no offers to sell were made, factual conflicts must be resolved in favor of the party asserting jurisdiction. Defendants would like the Court to make a merits-based decision about whether an offer to sell was made at the trade show, but such a ruling is inappropriate and unnecessary at this time.

The magazine advertisement of the accused product that was sent to Louisiana following initiation of the suit adds a further, not insignificant, contact to the analysis. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984). However, the most significant contact is obviously the purposeful shipment of the product to Louisiana through Da Bomb Product's exclusive distributor for the Southeast, so that it could be sold here.

10

"The allegations are that defendants purposefully shipped the accused [product] into [the state] through an established distribution channel. The cause of action for patent infringement is alleged to arise out of these activities. No more is usually required to establish specific jurisdiction." *Beverly Hills Fan*, 21 F.3d at 1555 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Keeton*, 465 U.S. at 774-75 (1984). Despite the evasiveness of her answers, Ms. Alrahib's deposition testimony eventually indicates that she was aware that her distributor had the exclusive right and advertised intent to sell the accused product in Louisiana. This is not a case where a "Da Bomb Blunt" was sold to a customer in Arizona and then that third party unilaterally brought it into Louisiana and infringed plaintiff's patent. Here, Da Bomb Products sells the accused product to its exclusive distributor, *for the purpose* of having it sold in Louisiana as well as the other Southeastern states in the distributor's exclusive territory. Although Ms. Alrahib declares that "Da Bomb has never directly sold any product to a customer in Louisiana," the minimum contacts requirement is satisfied when a corporation "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444

11

U.S. 286, 298 (1980). "Direct" sales are not a prerequisite.

Da Bomb Products does not present the extraordinary case where, although minimum contacts exist, considerations of fundamental fairness nevertheless dictate that jurisdiction is improper. To violate due process the burden on the defendant must be so great that it clearly outweighs the forum state's interest. Louisiana has a substantial interest in deterring patent infringement within its borders and in providing a means of redress to its citizens injured by infringement occurring here. Against these interests, Da Bomb Products argues simply that the company, along with its employees and records, is located in Arizona. The Court finds that the inconvenience to Da Bomb Products is not so substantial as to violate due process.

   *2. Akrum Alrahib*

Mr. Alrahib argues that because he never offered to sell Da Bomb Blunts in Louisiana, his one visit to the state to attend a trade show and hand out flyers cannot support jurisdiction. As noted above, the evidence is conflicting as to whether or not Mr. Alrahib offered to sell the accused product. In addition, the Court does not consider the act of flying into the forum state and conducting targeted marketing of a product alleged to infringe a local company's patents to be as insignificant as

12

defendants seem to feel. Plaintiff complains of inducement to infringe as well as direct infringement. Title 35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Cases analyzing this section have read a requirement of knowledge or intent into this provision, although direct proof of knowledge is not necessary. *See Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988). Construing doubts in plaintiff's favor, the evidence before the Court indicates that plaintiff may be able to prove that Mr. Alrahib had not only knowledge but intent to induce others to infringe plaintiff's patents. Even an isolated act can support jurisdiction if it creates a substantial connection to the forum and makes it reasonably foreseeable that the actor could face litigation in the forum. *Burger King*, 471 U.S. at 475 n.18; *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003). Mr. Alrahib's alleged conduct at the trade show creates the requisite connection and foreseeability.

Mr. Alrahib gives no indication in what capacity he attended the trade show. As developed more thoroughly below with regard to venue, Mr. Alrahib can be identified with Da Bomb Products and with Sunrise Tobacco for purposes of the motions before the Court. Accordingly, his actions are attributable to him

13

individually and to the corporations with which he is identified. The allegations in the complaint and supporting affidavits, as well as Mr. Alrahib's own testimony lead this Court to find that personal jurisdiction exists as a result of Mr. Alrahib's single visit to the trade show.

Mr. Alrahib's argument that an assertion of personal jurisdiction over him would impose an unconstitutional burden is basically the same as Da Bomb Products'. He lives and works in Arizona. As with Da Bomb Products, the Court finds that the forum state's interest in this matter is not clearly outweighed by the burden on Mr. Alrahib such that it would violate due process to require him to litigate here.

*3. Sunrise Tobacco*

Sunrise Tobacco has only made one direct shipment of an unrelated tobacco product to Louisiana. The shipment was not made pursuant to a contract with ties to Louisiana, but was made at the request of Da Bomb Products' exclusive distributor in the Southeast. The lawsuit does not arise out of that shipment and the shipment is clearly insufficient to support general jurisdiction against Sunrise Tobacco.

However, Mr. Alrahib testifies that when he went to the trade show in New Orleans he had planned for Sunrise Tobacco to

14

be the nationwide distributor for the accused product. Sunrise Tobacco had apparently retained an attorney here in the Eastern District of Louisiana to execute numerous trademark application for the accused product. It seems clear that Mr. Alrahib was acting on behalf of Sunrise Tobacco, as well as Da Bomb Products, when he promoted the accused product in this district. Thus his actions support jurisdiction over the corporation whose interest he represented. *See Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998) (demonstrating how corporate agents wearing "two hats" can bind more than one corporation).

**C. Venue**

Residence is established and venue is appropriate for a corporate defendant wherever personal jurisdiction lies. *Trintec Indus.*, 395 F.3d at 1280. Therefore, Da Bomb Products and Sunrise Tobacco's Motion to Dismiss for Improper Venue is denied based upon the above personal jurisdiction analysis.

Mr. Alrahib is sued individually. For individuals, residence is based on domicile, not on personal jurisdiction. Here, it is undisputed that Mr. Alrahib is a domiciliary of Arizona. And although he is alleged to have infringed plaintiff's patents in the Eastern District of Louisiana, the record evidence indicates that Mr. Alrahib has no regular and established place of business

15

in this district. So, neither alternative for establishing proper venue under 28 U.S.C. § 1400(b) in this district applies on its face.

However, if the individual is an alter-ego of the business, "venue for personal liability of a corporate officer/owner for acts of infringement by the corporation, whether or not the facts support piercing the corporate veil, may reasonably be based on the venue provisions for the corporation." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996).  In *Hoover Group* the district court found venue proper for an individual without distinguishing between infringement and inducement to infringe and without actually piercing the corporate veil. The Federal Circuit held that allegations that the individual was the president, CEO, principal shareholder, and sole decision-maker were sufficient to support the propriety of venue.

Plaintiff complains that Da Bomb Products and Sunrise Tobacco are merely paper shields created to avoid an injunction issued previously by this Court, and that Mr. Alrahib is in fact the alter-ego of these corporations. After considering the record and resolving doubts in the plaintiff's favor, the Court finds that  for purposes of the motion before the Court, Mr. Alrahib

16

should be viewed as an alter-ego of the corporations. Therefore, venue is proper in this district by virtue of the alleged jurisdiction-creating activities engaged in by Mr. Alrahib, as discussed above.

Mr. Alrahib is the president, statutory agent, and sole director and shareholder of Sunrise Tobacco. He held the same positions and interests in Da Bomb Products after he created that entity. He then "sold" Da Bomb Products to his sister, who had been his employee at Sunrise Tobacco and who resides at the same address as he, for $1.00. He conducted the promotion for Da Bomb Blunts, including the visit to New Orleans, without receiving compensation. He assigned the trademarks that his Louisiana attorney had registered for the accused product to Da Bomb Products, again without receiving compensation. He cannot remember whether it was he personally, or Sunrise Tobacco that appointed the agent in Louisiana to execute the trademark applications. He cannot remember some of the other corporations and L.L.C.'s he has created, many dealing with his tobacco distributing enterprises, many with the same address. Although Mr. Alrahib testifies that he no longer has anything to do with Da Bomb Products, other than owning the property out of which it operates, Plaintiff has pleaded and discovered sufficient facts

to dispute that statement and to raise the possibility that the allegedly infringing businesses are alter-egos of Mr. Alrahib. Under the circumstances present here, this is sufficient to support application of the corporate venue provisions. Therefore the existence of personal jurisdiction over Mr. Alrahib in the Eastern District of Louisiana also makes this a proper venue.

This is not to say that plaintiff will ultimately succeed in proving Mr. Alrahib individually liable. The Court must develop the record and weigh the evidence before determining the merits of the claim that Mr. Alrahib is individually liable.

### IV. CONCLUSION

The allegations and evidence of continuous infringement of plaintiff's patents by defendants coupled with the evidence tending to show that they are all alter-egos for Mr. Alrahib make jurisdiction and venue appropriate in this district. Accordingly,

**IT IS ORDERED** that Da Bomb Products' Motion to Dismiss (Rec. Doc. 19) and Akrum Alrahib and Sunrise Tobacco's Motion to Dismiss (Rec. Doc. 20) are **DENIED**.

New Orleans, Louisiana this the  5th day of July, 2006.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

18